UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| STEVEN E. WARMAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 08-192-ART |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*\* \*\*\*\* \*\*\*\*

Plaintiff Steven E. Warman, an individual currently incarcerated at the Federal Correctional Institution in Morgantown, West Virginia, filed this action on September 5, 2008, in the Circuit Court of Morgan County, Kentucky. In his Complaint, Warman alleged that the named defendants, Pablo Cruz and Samiran Bhadra, provided medical care to him during his incarceration at the United States Penitentiary - Big Sandy in Inez, Kentucky, that fell below the applicable standard of care. Warman sought damages from Cruz and Bhadra for medical malpractice under Kentucky law. *Warman v. Cruz et al.*, 08-CI-00246, Martin Circuit Court, Commonwealth of Kentucky. R. 2, Attachment 1.

On September 26, 2008, Cruz and Bhadra removed that action to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 2679. R. 2. In addition, the United States Attorney certified that Cruz and Bhadra performed the conduct complained of within the scope of their employment for the Bureau of Prisons, and accordingly the United States sought to be substituted as the defendant in their place pursuant to 28 U.S.C. § 2679(d)(2), and that the action proceed under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*. ("FTCA"). R. 3. The Court granted that motion by Order

dated October 16, 2008.  R. 4.

On October 20, 2008, the United States filed a Motion to Dismiss the Complaint for lack of subject matter jurisdiction.  R. 5.  The United States contended that Warman had failed to file an administrative tort claim prior to filing the instant lawsuit as required by 28 U.S.C. § 2675(a).  Because he failed to do so, the United States contended that the Court lacked subject matter jurisdiction to entertain Warman's claims, citing *McNeil v. United States*, 508 U.S. 106 (1993).  R. 5 at pgs. 2-4.  On October 21, 2008, the Court advised Warman to file a response by November 14, 2008, and that his failure to file a response constituted grounds for granting the motion.  R. 6.

On October 30, 2008, Warman filed a motion in which he alleged that he had not received a copy of the United States' motion for substitution, and asked the Court to stay its Order granting that motion until he could file a response.  R. 7.  On November 3, 2008, Warman filed a motion requesting additional time to respond to the United States' motion to dismiss, in which he asserted that the prison law library was "under construction" and "quite primitive in legal research materials" to permit him to formulate a response.  R. 8.  By Order dated November 5, 2008, the Court denied Warman's request to stay the Order substituting the United States as defendant, but granted him to and until December 5, 2008, to file his response to the United States' motion to dismiss.  The Court again cautioned Warman that "[t]he Court will not grant further requests for additional time to respond absent exigent circumstances" and "Plaintiff's failure to respond to the Motion to Dismiss in a timely manner will be considered a waiver of any opposition, and the Court will grant the motion."  R. 9.

On December 2, 2008, three days before the deadline to file his response, Warman filed a second request for additional time to respond to the United States' Motion to Dismiss, again citing the allegedly inadequate condition of the prison law library, as well as approaching deadlines in other

litigation in which he was participating. R. 10. By Order dated December 3, 2008, the Court denied Warman's request for additional time, noting that the bases articulated in his motion were based upon facts known to him at the time he filed his original motion. However, because any subsequent response by Warman would likely be untimely absent an extension, the Court granted him an additional two weeks until December 17, 2008, to file a response. R. 11.

The December 17, 2008, deadline for Warman to file a response came and went without Warman filing any response. Nearly a month after his response was due, Warman has filed yet another motion for extension of time to respond, in which he contends that the law library is being prepared "for electronic database" and impaired his ability to prepare a response. R. 12.

Because Warman has failed to file any substantive response to the United States' motion, despite two extensions of time within which to do so, the Court will grant the United States' motion. *See Resnick v. Patton*, 2007 WL 4532815, at *1 n.1 (6th Cir. 2007) (non-movant deemed to have waived opposition to motion to dismiss for failure to file a response); *Scott v. State of Tennessee*, 1989 WL 72470, at *2 (6th Cir. 1989) ("if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.").

The Court further notes that Warman has not denied the sole factual predicate central to the United States' Motion to Dismiss -- that he failed to seek administrative resolution of his claim prior to instituting this action as required by 28 U.S.C. § 2675(a) -- despite numerous opportunities and a considerable length of time to do so. At the very least, he could have filed a one-page brief denying this and attaching any documents supporting an administrative ruling. Thus, on this record, the Court must conclude that the United States' motion is well taken, and the Court lacks subject matter jurisdiction to entertain Warman's claims. *See Roberts v. United States,* 191 Fed. App'x 338,

344 (6th Cir. 2006) (affirming district court's dismissal of FTCA lawsuit for failure to exhaust administrative remedies); *Porter v. Hirsch*, 345 F.Supp.2d 400, 403 (S.D.N.Y. 2004) (dismissing FTCA claim for lack of subject matter jurisdiction in FTCA where plaintiff had not exhausted administrative remedies by presenting claim to the Department of Health and Human Services).

Accordingly, **IT IS ORDERED** that:

1. The United States' Motion to Dismiss, R. 5, is **GRANTED**.

2. Plaintiff's Motion for Extension of Time to Respond, R. 12, is **DENIED.**

3. This matter, R. 2, is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendant.

This 20th day of January, 2009.

Signed By:
*Amul R. Thapar* AT
United States District Judge